CIRO HERNANDEZ, ESQ SB#174791
551 Third Avenue
Chula Vista, CA 91910
Telephone: (619) 266-0389
Fax: (619) 501-2493

Attorney for Material Witnesses

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>Esmeralda PICAZO (1)<br>Manuel ZAMORA-Flores (2)<br>Alberto LOPEZ-Martinez (3)<br>Defendant | Criminal Case 08cr1555-BEN<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, MOTION FOR VIDEOTAPE DEPOSITION AND RELEASE OF MATERIAL WITNESSES<br><br>Hearing Date: June 26, 2008<br>Time: 9:30 a..m.<br>Court: F<br>Judge: Hon. Nita L. Stormes |

Material Witnesses, EDILBERTO SANTANA-BAHENA and MARCO ANTONIO VIEIRA-PORTUGAL, respectfully submit the following Memorandum of Points and Authorities in Support of his Motion for Videotape Deposition and Release of Material Witnesses.

**STATEMENT OF FACTS**

EDILBERTO SANTANA-BAHENA and MARCO ANTONIO VIEIRA-PORTUGAL were taken into custody on April 30, 2008. They werea passengers in a vehicle driven by the defendant, which contained six undocumented aliens. On May 14, 2008, the defendants were

indicted each on three counts of violation of Title 8, United States Code, Section 1324 (a) (1) (A) (ii), and (v) (II). and three counts in violation of Title 8, United States Code, Section 1324 (a) (2) (B) (ii), and Title 18, United States Code, Section 2.

As of the date of this motion, the material witnesses have no prospects of obtaining a surety. One potential surety was contacted on behalf of material witness EDILBERTO SANTANA-BAHENA. The potential surety failed to qualify as a surety. Material witness Marco Aantonio Vieira-Portugal was not allowed to post bond.

Mr. EDILBERTO SANTANA-BAHENA has no other friends or relatives who could qualify as a surety on his behalf. In Mexico, Mr. Santana-Bahena works as farmworker. He supports himself in Mexico. In Peru, Mr. Vieira-Portugal works as a commercial fisherman and supports himself.. The material witnesses were coming to the United States to find work, in order to provide that support. Requiring the material witnesses to remain in custody during the pendency of the case constitutes a severe economic and emotional hardship for him, and even more severely, for their families who are receiving less support during the time they aare incarcerated.

**POINTS AND AUTHORITIES**

**DEPOSITION IS APPROPRIATE IN THESE CIRCUMSTANCES**

In Torres-Ruiz v. United States, 120 F.3d. 933, (9th cir. 1997), the Ninth Circuit mandated the use of videotape depositions when the material witness testimony can be adequately secured by deposition and further detention is not necessary to prevent the failure of justice. (emphasis added; see 18 U.S.C. § 3144) In Torres-Ruiz, the witnesses were the sole support of their families in Mexico, and their continued incarceration constituted a hardship on thier families in Mexico. The Torres-Ruiz Court clarified that denial of a motion to videotape the witness' testimony is limited to situations in which a "failure of justice" would occur because the deposition would not serve as an adequate substitute for the witness' live testimony.

As of the date of this hearing, the MATERIAL WITNESSES have been in custody over one month, and continued incarceration constitutes an economic hardship for them and their families. It is not necessary to continue to detain them because no failure of justice would occur by videotaping their testimony. Their testimony can be adequately secured by granting this Motion, and there has been no showing that the deposition testimony would be different from the live testimony, and they are subject to the subpoena power of this Court. Therefore, it is requested the Court grant this Motion and order the videotape deposition of the MATERIAL WITNESSES forthwith, to occur within 10 days of granting this Motion. The Material WITNESSES also request the Court order their immediate release upon conclusion of this deposition.

DATED: June 10, 2008

/S/ Ciro Hernandez
CIRO HERNANDEZ
Attorney for Material Witnesses